BLOOMFIELD BANK AND TRUST COMPANY, complainant-respondent,

*v.*

NEW YORK SASH AND DOOR COMPANY, INCORPORATED, a corporation of New Jersey, and TEMPLE B'NAI ZION AND JEWISH COMMUNITY CENTRE et al., defendants-appellants.

[Decided September 27th, 1934.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Backes, who filed the following opinion:

"The Bloomfield National Bank agreed to lend Temple B'Nai Zion and Jewish Community Centre $25,000 to build a temple, to be advanced as the building progressed, the last

payment, $6,500, upon completion. The security was a mortgage on the temple payable in one year. Within the year the bank advanced $18,500. The structure was not finished when the mortgage fell due, October 25th, 1929, and it was not substantially completed until a year thereafter. The balance, $6,500, was not paid. · The complainant and the bank consolidated, and the complainant seeks the sum as advanced, $18,500, by foreclosure of the mortgage. To the bill, filed February 15th, 1932, Diamond Coal Company and New York Sash and Door Company are parties as subsequent judgment creditors. They set up, that after the maturity date of the mortgage they levied on the $6,500 in the hands of the bank and pray that the complainant be decreed to pay them.

"The levies were abortive; there was no money due to the mortgagor upon which they could fasten. When the mortgage matured, the temple was not completed and the last installment was not payable. Granted, that the mortgagor had a property right in the money to be advanced (*Germania Building and Loan Association* v. *Frankel Realty Co., 82 N. J. Eq. 49*) and that if the installment were due, the mortgagee's promise to make the advance would be specifically enforced (*Weinstein* v. *Anderson, 102 N. J. Eq. 8*) and assuming that the defendants would have an equitable lien by virtue of their levies, in the circumstances, as they exist, the equities are with the complainant. Its debt is due; it is unpaid, and is presently recoverable out of the mortgaged premises. With the mortgage, the exercise of the right was timely at the filing of the bill. The defendants take nothing by their levies.

"The New York Sash and Door Company's judgment was for material furnished for the construction of the temple and it claims, additionally, that the mortgage moneys—the $6,500—was a trust fund for material and labor on the temple. The basis for the contention is a statement in the complainant's answer to the counter-claim of an oral agreement between the mortgagor and mortgagee that the proceeds of the mortgage 'was to be paid from time to time during the progress of the building for the payment of the people who

had furnished labor and materials.' That was a program not a declaration of trust.

"The complainant is entitled to a decree."

*Mr. William N. Gurtman,* for the appellant New York Sash and Door Company, Incorporated.

*Messrs. Boyd & Dodd* (*Mr. Ernest F. Keer, Jr.,* on the brief), for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons expressed in the opinion filed in the court of chancery by Vice-Chancellor Backes.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.